IN RE ESTATE OF DAVID BENNISON, Deceased.

FRANK BENNISON, Executor, Appellant, v. DORA BENNISON,
Appellee.

**EXECUTORS AND ADMINISTRATORS:** Allowance to Surviving
Wife and Children—Discretion of Court—Evidence. Evidence
reviewed, and *held,* in view of the provisions of the will, that an
allowance of $40 a month for the care of the two minor children,
in addition to considerable other property received by the wife,
was proper.

*Appeal from Black Hawk District Court.*—C. W. MULLAN,
Judge.

TUESDAY, JANUARY 11, 1916.

The opinion states the case—*Affirmed.*

*William H. Merner,* for appellant.

*Edwards, Longley, Ransier & Smith,* for appellee.

WEAVER, J.—David Bennison died testate, January 20,
1911. By his will, he gave to his wife, Dora Bennison, who
survived him, the sum of $5,000 for the building and furnish-
ing of a house for her use and enjoyment as
a home. He further gave to his wife his
horses, harness and automobile, together
with the proceeds of a certain life insurance
policy for the sum of $1,600. In addition
thereto, he provided for payment to her by
his executors of the annual sum of $1,800 in monthly or
quarterly installments so long as she remained his widow; but
in the event of her remarriage, she should take one third of
his estate absolutely. Other testamentary provisions, so far
as material, will be mentioned later.

The will was duly probated, and the widow, with Frank
Bennison, brother of the testator, was appointed executor
without bond. Thereafter the widow presented to the court

a petition for further allowance, stating as grounds therefor that testator left her with two minor children, for whose support and maintenance he made no adequate provision. She further alleged that the minor children were residing with her, were in attendance upon the local schools, and could not in any way contribute to their own support or to the expenses of their maintenance; and that her own income, provided for by her husband's will, was insufficient to enable her to carry such burden on her own account. The income of the estate held by the executors is shown to be about $3,700 a year. The court granted the petition, and made an allowance to be paid to the widow at the rate of $50 a month. Three months after the date of said allowance, the other executor, Frank Bennison, appeared, and filed a petition to review the same and to set aside the order and to deny the petition. The petition recites the provisions made for the widow's benefit in the will of her husband, states that she has received the legacy of $5,000 for the building of a home; that she has in fact built and is now living in the home so acquired; that she has received the life insurance in the sum of $1,600 and is receiving and enjoying her annuity of $1,800, all of which, he says, constitutes an ample and reasonable provision for the support of herself and her minor children. Upon hearing the testimony, the trial court modified the allowance by reducing it to $40 a month and providing that such payments be continued until further order made in the premises. An appeal has been taken by the executor, Frank Bennison, and by certain heirs of the testator by a former marriage.

In support of the appeal, it is argued that the provisions made for the widow in the will of her husband are ample, without further allowance by the court. The testimony produced on the trial tended to show that the two children, aged respectively 15 and 5 years, were both being maintained in school; that the expense naturally attendant upon keeping, clothing and maintaining them had largely increased since

the testator's death; that the widow is not in rugged health and is required to employ help in doing her work; that the expense of living, the support of the children, the payment of taxes and providing for repairs and upkeep, have been more than equal to her income and have exhausted the additional sum given her from her husband's life insurance. This testimony is undisputed, and we think the court did not abuse its discretion in making the additional allowance of $40 a month.

It is further argued that the statutory authority of the court to grant the widow an allowance is confined to one year only after the death of the testator, and that the will contains no provision authorizing such additional relief to her or to the children. Did the validity of the order complained of rest wholly upon the statute authorizing an allowance for a year's support, it might be difficult to sustain it, but such is not the case. The will, among other things, provides for the education of the young children after finishing the high school course and gives to them certain remainders, the enjoyment of which is postponed until they reach the age of thirty years. It also provides that, in case of urgent need or sickness on the part of his children, his executors are authorized to assist them financially in a reasonable manner, and that the amounts so advanced shall be charged against such children in the final settlement of his estate. All this tends to show that the testator regarded his estate as chargeable, within reasonable degree, for the support of his dependent family, and makes it, we think, entirely competent for the court to inquire into the facts and make an order of the character of the one here appealed from. The allowance is not extravagant, and is always within the supervision and control of the court which made it.'

We find no error in the record, and the judgment of the district court is, therefore—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.